(166 App. Div. 413)

PEOPLE ex rel. KENNEDY v. SMITH, Mayor, et al.  (No. 13/45.)

(Supreme Court, Appellate Division, Third Department.  March 3, 1915.)

Certiorari by the People, on the relation of William L. Kennedy, against Clarence W. Smith, Mayor of the City of Johnstown, and others, to review an assessment for the construction of a sewer and the determination of the common council of the city in affirming the assessment.  Assessment and order of common council affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Getman & Fraser, of Johnstown (Anson Getman, of Johnstown, of counsel), for relator.

Edwin Baylies, of Johnstown (Clarence W. Smith, of Johnstown, of counsel), for respondents.

JOHN M. KELLOGG, J.  This case was argued with the Empie Case, 152 N. Y. Supp. 295, decided at this term of court, and the opinion in that case disposed of the questions of law.  In that case the assessment upon the front-foot plan was deemed inequitable for the paper lots fronting upon paper streets, where, to make the sewer available, lateral sewers must be constructed, and also from the fact that the lots at a great distance from the hamlet for which the sewer was primarily built were assessed at the same rate as the improved lots in the hamlet, which were much nearer the settled portion of the city.  The relator's lots are nearer the hamlet, and nearer the settled portion of the city, and must be of substantial value, as he was paid $250 by the city for permission to cross two of the lots with a sanitary sewer.  He has a house and lot and ten acres of land.  The acreage property is mapped into lots upon a paper street; otherwise, it is ordinary agricultural land.  The total assessment is $371.39.  The relator's lots apparently are more available for sale than the Empie lots, and the value of the house and lots must be increased by the sewer.  The questions of law involved and the irregular manner of assessing paper lots upon imaginary streets, of different value and location, upon the front-foot plan, seem to justify the appeal.  Under the circumstances we conclude that the relator has no substantial grievance, but that costs should not be imposed upon him.

The assessment, and the order of the common council in affirming it, should be confirmed, without costs.  All concur.